UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
SERGEI CHEPILKO,

                     **Plaintiff,**

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
SCOTT HENRY, AND SERGEANT TARAKUR
CHOWDHURY,

                     **Defendants.**
-------------------------------------------------------------------- x

18-CV-02195 (ALC) (SDA)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, JR.,** United States District Judge:

*Pro se* Plaintiff Sergei Chepilko brings this suit under 28 U.S.C. § 1983 against the City of New York ("City"), Police Officer Scott Henry, and Sergeant Tarakur Chowdhury of the New York Police Department ("NYPD"), alleging—construed liberally—claims of malicious prosecution, excessive force, harassment, assault and battery, First Amendment retaliation, failure to intervene, and failure to properly train. Defendants now move for partial summary judgment. For the reasons below, the court GRANTS Defendants' motion.

## BACKGROUND

On March 11, 2017, Plaintiff approached NYPD officers on Seventh Avenue between 44th and 45th Streets in Manhattan. ECF No. 2 ("Compl.") at 5. Plaintiff complained to the officers that a ticket seller had made threatening gestures toward Plaintiff. *Id*. Defendant Chowdhury allegedly refused to investigate Plaintiff's complaint. *Id*. Defendant Henry then "started forcefully pushing" Plaintiff, directing him to "stop talking to sergeant." *Id*. Plaintiff responded that Defendant Chowdhury had instructed Plaintiff to approach the NYPD van in which Chowdhury was sitting. *Id*. Plaintiff also "repeatedly asked Sgt. Chowdhury to stop P.O. Henry's aggression." *Id*. at 5–6.

1

Plaintiff requested the officers' badge numbers, at which point Henry, "clearly in retaliation," issued Plaintiff a criminal summons for disorderly conduct in violation of New York Penal Law § 240.20(5) (obstruction of vehicular traffic). *Id*. at 6; ECF No. 61-1 at 2. The summons stated that Plaintiff was "standing in a public street blocking the flow of traffic . . . [and] refused multiple order to get off the street onto sidewalk." ECF No. 61-1 at 2. Plaintiff twice appeared in court in connection with the summons. ECF No. 62 ¶ 2. The summons was dismissed at the second appearance on May 17, 2017. *Id*.

Plaintiff initiated this action on March 10, 2018. Defendants filed a partial motion for summary judgment on November 30, 2021. Defendants seek to dismiss Plaintiff's claims against the City for failure to train and to dismiss his claims arising under state law. The Court granted Plaintiff four extensions of the deadline to file his opposition, notifying Plaintiff that failure to file his opposition by the extended date would result in the Court deeming Defendants' motion unopposed. *See* ECF No. 83. To date, Plaintiff has not filed his opposition; accordingly, the Court considers Defendants' motion unopposed.

## STANDARD OF REVIEW

Summary judgment is appropriate only where all submissions, pleadings, affidavits, and discovery materials that are before the Court, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ P. 56(c)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F.Supp.3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson*, 477 U.S. at 248). "The moving party

bears the initial burden of showing that there [is] no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (internal quotation marks and citations omitted). Courts must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citations omitted). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Still, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

Where, as in this case, a motion for summary judgment is unopposed, the same standard of review applies. *See Waller v. Muchnick, Golieb & Golieb, P.C.*, 523 Fed. App'x 55, 57 (2d Cir. 2013) (citing *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). If the movant fails to meet their burden of production, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Vermont Teddy Bear*, 373 F.3d at 244 (internal quotation marks and citations omitted).

Considering this standard, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). In particular, "the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks and citations omitted).

## DISCUSSION

### I. Municipal Liability

A municipality may not be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). To prevail on a *Monell* claim against a municipality under Section 1983 based on the acts of a public official, a plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). A plaintiff may satisfy the requirement to plead the "policy or custom" requirement by alleging: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (internal citations omitted).

Here, Plaintiff has named a municipality, the City of New York, as a defendant in his Section 1983 suit, however, Plaintiff has failed to state a claim and allege municipal liability pursuant to *Monell*. Regardless of whether Plaintiff's constitutional claims ultimately succeed, his *Monell* claim is insufficient as he has made no allegations regarding the existence of a policy or custom. While the Complaint does provide as a cause of action "failure to properly train NYPD employees," it offers no further allegations or information regarding any training or supervision.

Compl. at 6. Conclusory allegations like these are not sufficient to support a failure to train claim, even in a *pro se* action. *See Scalpi v. Town of E. Fishkill*, No. 14-CV-2126, 2016 WL 858944, at *7 (S.D.N.Y. Feb. 29, 2016) ("Yet, without providing any supporting factual detail about alleged deficiencies in the training program . . . such boilerplate language of the Amended Complaint lacks sufficient factual matter to state a claim to relief that is plausible." (cleaned up)).

As Plaintiff has failed to adequately allege that the City acted pursuant to official municipal policy, the Court dismisses Defendant City from this action.

## II.     State Claims

Defendants also argue that Plaintiff is barred from proceeding on any state claims because he failed to comply with New York's notice of claim requirement. The Court agrees.

"[I]n a federal court, state notice-of-claim statutes apply to state-law claims." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Under New York law, "[n]o action . . . shall be prosecuted or maintained against a city against the city or any agency or an employee unless notice of claim shall have been made and served upon the city." N.Y. Gen. Mun. L. § 50-k (6). The plaintiff must plead in the complaint that they served the notice of claim. *See Hardy*, 164 F. 3d at 793. Failure to comply "ordinarily requires a dismissal for failure to state a cause of action." *Id*. at 794.

Here, Plaintiff has not pleaded that he complied with the notice of claim of requirements. Thus, his claims arising under state law are dismissed. The Court therefore dismisses any state claims for excessive force, harassment, assault, battery, malicious prosecution, failure to intervene, and failure to train.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is GRANTED. The following claims remain: Section 1983 malicious prosecution claim, Fourth Amendment excessive force claim, Section 1983 failure to intervene claim, and First Amendment retaliation claim.

As Plaintiff failed to comply with the Court's orders regarding the filing of his opposition and failed to oppose Defendant's motion for summary judgment, Plaintiff is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . ."). **Such showing should be made by filing a written response within 30 days from the date of this Order. Any failure by Plaintiff to make this showing will result in a dismissal of this case without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Defendants are directed to mail a copy of this order to** *pro se* **Plaintiff and file proof of service forthwith.**

The Clerk of Court is respectfully directed to terminate Defendant City of New York and terminate the motion at ECF No. 59.

**SO ORDERED.**

Dated: September 29, 2022
      New York, New York

                                         **ANDREW L. CARTER, JR.**
                                         **United States District Judge**