MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/1/2023



| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JEFFREY F. FRANK**<br>*Assistant Corporation Counsel*<br>Email: jefrank@law.nyc.gov<br>Cell: (929) 930-0780<br>Tel: (212) 356-3541 |
|---|---|---|

June 29, 2023

**VIA ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Chepilko v. Police Officer Scott Henry, et al.*,
                18 Civ. 2195 (ALC) (SDA)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendants Police Officer Scott Henry and Sergeant Tarakur Chowdhury in the above-referenced matter. I write to respectfully: (1) convey, with plaintiff's consent, his request for an extension of time until July 6, 2023, to serve his completed portions of the joint pretrial order ("JPTO") upon defendants; (2) request that the Court enter defendants' proposed, amended schedule for the parties to complete the JPTO, which is set forth below and ultimately seeks an extension from June 30, 2023, until August 21, 2023, of the parties' time to file the completed JPTO; and (3) request that the Court warn plaintiff that this case may be dismissed if plaintiff fails again to comply with Court Orders. No trial date has been set in this matter.

      By way of background, on March 10, 2023, the Court So Ordered the parties' proposed schedule for completing the JPTO. ECF No. 92. Under that schedule, plaintiff's portions of the JPTO were due to defendants on April 7, 2023. *Id.* Plaintiff served a list of his intended exhibits on April 18, 2023, but failed to complete all the other portions of the JPTO and failed to include copies of the exhibits themselves. Plaintiff's failure to include copies of his intended exhibits poses an issue because he also failed to describe them in enough detail for defendants to have notice of what he intends to introduce. On May 5, 2023, defendants served their JPTO portions on plaintiff, including a copy of their intended exhibit and Your Honor's Individual Practices. Defendants served these documents on plaintiff via mail and email. Defendants' draft of the JPTO states "[Plaintiff to insert]" under each section plaintiff had failed to complete in his original April 18, 2023 draft. Further, the undersigned highlighted the relevant subsections of Rule 4.A. of Your Honor's Individual Practices that instruct the parties on what must be included in the JPTO.

On May 30, 2023, during a telephone call between the parties, plaintiff requested an additional two weeks, until June 16, 2023, to provide his complete portions of the JPTO. The parties agreed that defendants would request an additional two weeks thereafter (until June 30, 2023) to file the JPTO with the Court. On May 31, 2023, defendants conveyed <u>plaintiff's</u> request for an extension to the Court, ECF No. 95, and the Court granted that request the next day. ECF No. 96.

On June 21, 2023, five days after plaintiff's portions were due, defendants had still not received any communications or documents from plaintiff. Defendants requested from plaintiff a date when he planned to send his portions of the JPTO. Plaintiff explained that he did not have copies of the exhibits on which he intends to rely at trial, and plaintiff asked defendants to <u>resend</u> those documents via email. Specifically, plaintiff requested the defendant officers' memo book entries and certain printouts from the NYPD FOIL database, all of which defendants had produced to plaintiff well over a year ago. Plaintiff stated that he would then provide his portions of the JPTO to defendants by June 28, 2023. Defendants explained that plaintiff must also complete the other portions of the JPTO that he had yet to provide, and that those other portions do <u>not</u> depend on his possession of the memo book entries or NYPD FOIL database printouts, *i.e.*, plaintiff's failure to retain documents previously produced to him (twice) is not a basis for his failure to complete the remainder of the JPTO.

Pursuant to plaintiff's request, on June 22, 2023, defendants resent via email the documents plaintiff had requested. For plaintiff's convenience, defendants also resent all documents they had sent him on May 5, 2023: their draft of the JPTO, their proposed exhibit, and a copy of Your Honor's Individual Practices. In that email, defendants reminded plaintiff that he had agreed to email me his completed portions of the JPTO by June 28, 2023.

Yesterday, in the late afternoon of June 28, 2023, plaintiff informed defendants that he was unable to open the documents that defendants had sent via email. Notably, defendants have sent documents to plaintiff via email many times throughout this litigation, and his time to provide his portions of the JPTO expired weeks ago, on June 16, 2023. Yet, yesterday, June 28, 2023 is the first time plaintiff notified defendants that he had an issue opening documents sent via email. Nevertheless, today, on June 29, 2023, defendants mailed to plaintiff the following documents again:

- Printouts from the NYPD FOIL database regarding Log Nos. 2017-PL-3990 and 2017-PL-3991;

- Defendants' memo book entries, bearing Bates Stamp Nos. DEF 003–008;

- Defendants' May 5, 2023 draft of the JPTO, which specifically instructs where plaintiff needs to insert his portions;

- Defendants' proposed Exhibit A for trial; and

- Your Honor's Individual Practices, with the relevant subsections of Rule 4.A. highlighted.

Plaintiff has now failed to provide his portions of the JPTO for nearly three months, as the Court originally ordered plaintiff to provide his portions to defendants by April 7, 2023. ECF No. 92. Although plaintiff provided his list of exhibits (but not the exhibits themselves) on April 18, 2023, he has not provided anything to defendants since. The Court granted plaintiff a *nunc pro tunc* extension to provide his portions by June 16, 2023, ECF No. 96, but plaintiff again failed to comply with the Court's Order. Now, for the first time, and belatedly, plaintiff claims to be unable to open documents that defendants had emailed to plaintiff pursuant to his request. Certainly, plaintiff could have raised this issue with defendants prior to his Court-ordered deadline of June 16, 2023.

Notably, this is not the first time plaintiff has failed to comply with a Court deadline, as the Court previously ordered plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. ECF No. 86 at 6; *see also* ECF No. 89 at 2–3 (explaining how plaintiff had failed to prosecute his case). Accordingly, defendants respectfully request that the Court warn plaintiff that his continued failure to comply with Court Ordered time to provide his portions of the JPTO may result in the dismissal of this action for failure to prosecute under Fed. R. Civ. P. 41(b) or failure to comply with Court orders under Fed. R. Civ. P. 16(f)(1)(C). *See also* ECF No. 89 at 2–3 (colleting relevant case law).

Additionally, defendants respectfully request that the Court enter the below proposed, amended schedule for completing the JPTO:

1. By July 6, 2023, plaintiff shall serve defendants with his completed portions of the JPTO as specified in Rule 4.A. of Your Honor's Individual Practices, as well as his objections to defendants' proposed exhibit which is attached to defendants' May 5, 2023 draft of the JPTO;

2. By July 31, 2023,[1] defendants shall serve plaintiff with their portions of the JPTO, including any objections to plaintiff's proposed witnesses, designations of deposition testimony, and exhibits;

3. By August 7, 2023, plaintiff shall serve defendants with his objections to defendants' proposed witnesses and designations of deposition testimony; and

4. By August 21, 2023, defendants shall file the completed JPTO.

Accordingly, defendants respectfully: (1) convey plaintiff's untimely request for a third extension of time, until July 6, 2023, to serve his completed portions of the JPTO upon defendants; (2) request that the Court enter defendants' proposed, amended schedule for the parties to complete the JPTO, which is set forth above; and (3) request that the Court warn plaintiff that this case may be dismissed for failure to prosecute and/or failure to comply with Court orders should plaintiff fail again to comply with a Court Order.

---

[1] The undersigned counsel will be out of the country July 3-16, 2023, and expects to return to the office on July 17, 2023. The undersigned has informed plaintiff of this. Accordingly, this deadline would effectively provide defendants with two weeks to complete their portions of the JPTO and provide any objections to plaintiff's portions.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Jeffrey Frank

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **VIA FIRST CLASS MAIL AND E-MAIL**
Sergei Chepilko
Plaintiff *Pro Se*
49 Murdock Court, Apt. 5F
Brooklyn, New York 11223
Chepilko@aol.com

SO ORDERED:

/s/ Andrew L. Carter, Jr.
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
8/1/2023

- 4 -