USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sergei Chepilko,

                     Plaintiff,

-against-

The City of New York et al.,

                     Defendants.

1:18-cv-02195 (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

    Following a telephone conference with the parties and for the reasons stated below, the Court hereby appoints counsel to represent the *pro se* Plaintiff at the upcoming jury trial in this case.

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

    After considering the relevant factors, *see Hodge*, 802 F.2d at 60-61, the Court finds that the appointment of counsel in the context of the specific circumstances of this case at this juncture is appropriate, and such appointment will facilitate Plaintiff's ability to deal with the complexities of potential motions, as well as trial. Thus, the Court respectfully directs that the *Pro

*Se* Office request an attorney to represent Plaintiff by placing this case on a list circulated to attorneys who are members of the Court's *pro bono* panel.

**SO ORDERED.**

Dated:   August 28, 2023
         New York, New York

_____
STEWART D. AARON
United States Magistrate Judge