**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/6/2024
```

**Sergei Chepilko,**

                                **Plaintiff,**

                    **-against-**

**The City of New York et al.,**

                                **Defendants.**

**1:18-cv-02195 (SDA)**

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court are *in limine* motions filed by the parties. (*See* Defs.' 1/24/24 Not. of Mot., ECF No. 125; Pl.'s 1/24/24 Not. of Mot., ECF No. 128.) These motions are GRANTED IN PART and DENIED IN PART, as follows:

1. Defendants object to various exhibits listed by Plaintiff in the Joint Pre-Trial Order. (*See* Defs.' 1/24/24 Mem., ECF No. 127, at 3-9.) The Court already has addressed Defendants' objections in its Order dated January 30, 2024, sustaining certain objections, overruling certain objections and providing for admission of certain exhibits for a limited purpose. (*See* 1/30/24 Order, ECF No. 140, ¶ 2.)

2. Defendants seek to preclude Plaintiff from introducing evidence and making arguments regarding claims that have been dismissed. (*See* Defs.' 1/24/24 Mem. at 10-11.) In response, Plaintiff states that he "does not seek to offer evidence in support of the dismissed claims." (*See* Pl.'s 1/31/24 Resp., ECF No. 142, at PDF p. 4.) Thus, this aspect of Defendants' motion is denied as moot.

3. Defendants seek to preclude Plaintiff from eliciting evidence of any NYPD member's disciplinary history or prior lawsuits against them. (*See* Defs.' 1/24/24 Mem. at 11-14.)

In response, Plaintiff states that he "does not seek to elicit such testimony." (*See* Pl.'s 1/31/24 Resp. at PDF p. 5.) Thus, this aspect of Defendants' motion is denied as moot.

4.  Defendants request that the Court dismiss Plaintiff's claims for excessive force and First Amendment retaliation. (*See* Defs.' 1/24/24 Mem. at 14-17.) This request is tantamount to a second summary judgment motion and, although the Court could consider such a motion, doing so would require additional submissions from the parties to ensure compliance with the "crucial procedural safeguards" that accompany motions for summary judgment. *See Pavone v. Puglisi*, No. 08-CV-02389 (MEA), 2013 WL 245745, at *2 (S.D.N.Y. Jan. 23, 2013). The Court finds that converting Defendants' motion to a motion for summary judgment is not "the most efficient or effective way to resolve [this] particular issue" at this late stage of the proceedings. *See id*. Accordingly, the Court, in its discretion, declines to consider Defendants' request. *See id.; see also Siemens Westinghouse Power Corp. v. Dick Corp*., 219 F.R.D. 552 (S.D.N.Y. 2004) (declining to use court's discretion to consider successive summary judgment motion). The Court will address the merits of Plaintiff's claims after trial. Thus, this aspect of Defendants' motion is denied.

5.  Defendants seek to preclude Plaintiff from seeking punitive damages. (*See* Defs.' 1/24/24 Mem. at 18-22.) This aspect of Defendants' motion is denied as premature. The Court will address punitive damages in conjunction with Defendants' anticipated Rule 50 motion, or at the conclusion of trial, as the Court deems appropriate.[1] *See*

---

[1] If, as Defendants indicate in their reply memorandum (Defs.' Reply Mem., ECF No. 144), they later make a motion pursuant to Rule 50, they may rely on their prior briefing if they so choose. (*See id*. at 4.)

*Thomas v. West*, No. 14-CV-04459 (LTS), 2019 WL 1206696, at *2 (S.D.N.Y. Mar. 14, 2019) (denying motion *in limine* to preclude evidence of punitive damages and noting that such issue could be raised by Rule 50 motion following trial).

6. Defendants seek to preclude Plaintiff from offering documentary or testimonial evidence relating to claims for emotional distress beyond "garden variety" damages. (*See* Defs.' 1/24/24 Mem. at 22-23.) In response, Plaintiff states that he does not object to this limitation. Thus, this aspect of Defendants' motion is granted.

7. Defendants seek to preclude Plaintiff from referring to or eliciting testimony regarding unrelated instances of alleged police misconduct, class actions and criminal investigations. (*See* Defs.' 1/24/24 Mem. at 23-24.) In response, Plaintiff states that he does not intend to do so. (*See* Pl.'s 1/31/24 Resp. at PDF p. 9.) Thus, this aspect of Defendants' motion is denied as moot.

8. Defendants seek to preclude Plaintiff from testifying or offering evidence regarding Plaintiff's own prior lawsuits against the City of New York and NYPD members and prior unrelated disciplinary allegations made by Plaintiff against other NYPD officers. (*See* Defs.' 1/24/24 Mem. at 25.) In response, Plaintiff states that he does not intend to do so. (*See* Pl.'s 1/31/24 Resp. at PDF p. 9.) Thus, this aspect of Defendants' motion is denied as moot.

9. Plaintiff seeks to preclude Defendants from introducing evidence of Plaintiff's other lawsuits. (*See* Pl.'s 1/24/24 Mem., ECF No. 129, at 3-5.) Given that Defendants themselves moved to preclude Plaintiff "from testifying or offering evidence related

to . . . his own prior lawsuits against the City of New York and other NYPD members"

(*see* Defs.' 1/24/24 Mem. at 25), Plaintiff's motion is granted.

Notwithstanding the foregoing rulings, if a party himself testifies regarding any of the matters as to which he successfully sought preclusion, the adverse party may ask questions of such party regarding such matters.

**SO ORDERED.**

Dated:     New York, New York
           February 6, 2024

_____
STEWART D. AARON
United States Magistrate Judge